DEBORAH SMITH
Acting United States Attorney

AUDREY J. RENSCHEN
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska  99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: audrey.renschen@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>vs.<br><br>WILLIAM JOSEPH EATON ,<br><br>   Defendant. | Case No. 3:06-cr-00007-RRB-JDR<br><br><u>GOVERNMENT'S SENTENCING MEMORANDUM AND MOTION FOR ACCEPTANCE OF RESPONSIBILITY POINTS</u> |

   The United States by Assistant United States Attorney Audrey J. Renschen, hereby submits this memorandum for the Imposition of Sentence hearing presently scheduled for Tuesday, May 30, 2006, at 9:00 a.m.

**The Plea Agreement**

Pursuant to a plea agreement, the defendant pled guilty to Counts 1- 4, of the Indictment filed in this case, which charge him with two counts of Receipt of Child Pornography (Counts 1&2), in violation of 18 U.S.C. § 2252(a)(2) and (b)(1), one count of Possession of Child Pornography (Count 3), in violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2), and Criminal Forfeiture (Count 4), in violation of 18 U.S.C. § 2253(a)(3).

In exchange for the defendant's pleas, the United States agreed not to file any additional charges based on the current investigation, not to file any motions for upward departures, and to recommend an adjustment for acceptance of responsibility. Although the defendant agreed to cooperate with the United States, he did not provide information rising to the level of "substantial assistance". Accordingly, the United States is not moving for a downward departure.

The defendant agreed to voluntarily forfeit his computers and other related materials listed on pages 13-16 of the plea agreement, which materials were used in the commission of the crimes of conviction.

The plea agreement restricted the parties from upward or downward departures, but allows the parties to freely argue for the application of any guideline adjustments, and to freely argue the factors under 18 U.S.C. 3533(a).

**The Presentence Report**

The United States agrees with the factual findings set forth in the Presentence Report. The Defendant merits an offense level of 30, a criminal history level I, and a sentencing range of 97-121 months. The offense level includes upward adjustments for images of prepubescent children, material that portrays sadistic or masochistic conduct or other depictions of violence, and more than 600 images.

**The Recommendation**

The United States is recommending **a mid-range sentence of 108 months** imprisonment, and **a supervised release period of ten years**, and the **special conditions of supervision** recommended by the Presentence Report writer, Timothy Astle.

As noted below, Mr. Eaton's conduct was extremely serious. The size and nature of the child pornography images he collected are the most extensive found in Alaska to date, and under ordinary circumstances, would warrant significant upward departures under the United States Sentencing Guidelines. However, Mr. Eaton's cooperation with law enforcement (although it did not rise to the level of "substantial assistance", his cooperation offered some information to law

enforcement) and his apparent restraint in *not* distributing child pornography images, are both factors that warrant some additional consideration. Those two reasons are why the government agreed not to seek upward departures, and to recommend a sentence at the mid-point of the 97-121 months sentencing range.

**Eaton's Conduct Was Extensive and Egregious**

In November of 2005, Eaton, an active duty member of the Air Force stationed at Elmendorf Air Force Base, was deployed to Qatar, and maintained remote access to an extensive personal computer network inside his apartment at 6029 Debarr Road, in Anchorage. Connected to Eaton's network were three (3) tower computers and four external hard drives. The "main" computer was a Dell XPS. The computer housed three (3) 500GB hard drives. The entire network had a storage capacity of over two (2) terabytes (2 trillion), and contained three separate encryption programs.

Senior Special Agent Kevin Laws, Immigration and Customs Enforcement (ICE), is a computer forensic expert who examined all of the above-described computers, hardware and software. SSA Laws' analyses revealed over 6,000 still images and over 400 movies, visually depicting minors engaging in sexually explicit conduct, that were stored in the Antec midtower silver-cased computer.

SSA Laws found at least that many, or more, i.e., an additional 6,000 still images and over 400 movies, of children being sexually exploited, that were stored in Eaton's Dell XPS Gen 5 computer.

The quantity of still images, well over 10,000, is far in excess of the highest category, "600 or more", used in the Sentencing Guidelines.  Under Application Note 4(B), which explains U.S.S.G. §2G2.2(b)(7): "If the number of images substantially underrepresents the number of minors depicted, an upward departure may be warranted."

The quantity and length of the movies Eaton sought out and saved, also could warrant an upward departure under the Sentencing Guidelines.  At least 142 movies were longer than five minutes, and Application Note 4(B), which further explains U.S.S.G. §2G2.2(b)(7), points out that factor could also warrant an upward departure.

Most of the still and movie images visually depicted prepubescent children. Some of the images and movies visually depicted children tied up in ropes or in other kinds of bondage, or visually depicted violence against the children. One particularly violent and graphic movie over five minutes in length, was a "bondage/rape" movie depicting a child being sexually assaulted in a particularly

violent manner. SSA Kevin Laws, who is an experienced agent who has viewed hundreds of thousands of child pornography images, found the movie to be "the most disturbing movie" he had seen.

SSA Laws forensic analyses also determined that Eaton's networked computer system was ideally suited for, and capable of distributing his massive collection of child pornography, and carefully tracking distributions. However, to his surprise, SSA Laws found no evidence that Eaton had, in fact, distributed any of the images.

**Conclusion**

Mr. Eaton sought out and saved an extensive and egregious collection of child pornography. But for a colleague accidentally stumbling across some eye-opening images while troubleshooting Eaton's computer system, Eaton would still be seeking out and saving thousands of images of children being sexually abused.

Mr. Eaton has benefitted from a plea agreement that saved him from upward departures motions for the vast number of images involved, and the concomitant number of children sexually abused. A sentence of 108 months, and supervised release term of 10 years is an appropriate punishment, and an appropriate safeguard for the public. The sentence recognizes the horrific

numbers of children who were sexually abused for his viewing pleasure, and who are, by reminder, repeatedly victimized as each image is further copied and saved.

Such a sentence will appropriately punish as well as deter Mr. Eaton, and others, and telegraphs the message that even when one does not distribute child pornography, amassing large numbers of child pornography images is nonetheless, still harmful to children, and in fact, prolongs the harm.  Mr. Eaton's extensive collection of child pornography ought not be perceived in a way that

//


//


//

desensitizes the public into overlooking the horrors of each individual picture.

RESPECTFULLY SUBMITTED THIS 23rd day of May, 2006 at Anchorage, Alaska.

DEBORAH M. SMITH
Acting United States Attorney

s/ Audrey J. Renschen
Assistant U.S. Attorney
222 West 7th Ave., #9, Rm. 253
Anchorage, AK 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
E-mail: audrey.reschen@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on May23, 2006
a copy of the foregoing was served
electronically on Kevin Fitzgerald
& Dan Libby,

s/ Audrey Renschen